**Essie Lee JAMESON, et al., Plaintiff,**

v.

**Marvin R. PACK, et al., Defendant.**

**No. 90–2308–JWL.**

United States District Court, D. Kansas.

Oct. 12, 1993.

David Davies, Steven D. Alexander, Chartered, Overland Park, KS, Randall J. Shanks, Gallner & Gallner, P.C., Council Bluffs, IA, Raymond McGaugh, Chicago, IL, for Essie Lee Jameson, Verrelle Gordon.

William H. Sanders, James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, Paul F. Pautler, Jr., Hudek and Associates, P.C., Kansas City, MO, for Marvin R. Pack, P & H Oil Field Service, Inc., Omega Resources Corp.

Paul P. Hasty, Jr., D'Ambra M. Howard, Robert J. Luder, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for Tow Service Inc., David M. Martinez.

James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, Paul F. Pautler, Jr., Hudek and Associates, P.C., Kansas City, MO, for Mid–Continent Cas. Co.

Paul P. Hasty, Jr., Wallace, Saunders, Austin, Brown & Enochs, Overland Park, KS, for KFB Ins. Co., Inc.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On June 11, 1993, defendants Martinez and Tow Service, Inc. filed a declaration of costs in the consolidated cases in which they sought payment of $1,122.52 for deposition expenses (Doc. # 246). In an attachment to their declaration, defendants list seven separate witnesses for whom they seek deposition costs, along with the costs of transcripts for a court hearing.

On June 16, 1993, plaintiffs Kimberly Sue Gordon and Donald James Clifford filed a response to defendants' declaration of costs. That has only recently been called to the court's attention because it was not styled as a motion to review costs as provided for in Fed.R.Civ.P. 54(d). However, it clearly was intended to be such and was timely filed under the rule. Accordingly, the court will treat it as such a motion. Those plaintiffs contend that many of the witnesses for whom defendants seek costs had nothing to do with the defense of the suits brought by those particular plaintiffs and that the costs should be apportioned. The Martinez defendants have not responded, perhaps because they did not view these plaintiffs' filing as a motion.

Because this matter involves consolidated cases with multiple plaintiffs, and because the defendants have not shown otherwise, the court tends to agree that in order to tax costs they should be apportioned among the plaintiffs based on costs that were actually involved in defending a particular plaintiff's claim. The declaration of costs submitted by defendants, which lists only the total amount of costs and does not attempt to apportion those costs among the various plaintiffs, is not sufficient to allow the court to do so. Defendants are therefore ordered to submit a revised declaration of costs by October 22, 1993, which allocates the costs claimed among the various plaintiffs in accordance herewith, or else to show the court why all the costs should be taxed against the plaintiffs jointly and severally. Any other party may respond to that revised declaration or showing no later than November 5, 1993.

The clerk is directed to send copies of this order and of all related future filings by any party which are related to the taxing of costs to all counsel of record in this case.

IT IS SO ORDERED.